UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**LIBERTY MUTUAL INSURANCE COMPANY**          **CIVIL ACTION**

**VERSUS**                                                            **No. 07-3114**

**JOTUN PAINTS, INC.,** *et al.*                              **SECTION: I/5**


## ORDER AND REASONS

Before the Court is a motion for reconsideration filed on behalf of plaintiff, Liberty Mutual Insurance Company ("Liberty").[1] Liberty asks the Court to reconsider its decision of March 25, 2008, granting in part and denying in part Liberty's motion for partial summary judgment seeking dismissal of the counterclaim of intervenor, Zurich American Insurance Company ("Zurich").[2] For the following reasons, Liberty's motion is **DENIED**.


## *LAW AND ANALYSIS*

The *Federal Rules of Civil Procedure* do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration filed within ten days of the district court's judgment will be recharacterized as a

---

[1] R. Doc. No. 126.

[2] R. Doc. No. 108, order of March 25, 2008, granting in part and denying in part Liberty's motion for partial summary judgment; R. Doc. No. 41, Liberty's mot. for partial summary judgment.

motion to alter or amend the judgment and construed pursuant to Rule 59(e).  *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).  A motion for reconsideration filed more than ten days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *Dial One of the Mid-South, Inc. v. Bellsouth Telecomms., Inc.*, 401 F.3d 603, 606 (5th Cir. 2005).  This motion, filed on April 3, 2008, was filed within ten days of the Court's order, which was dated March 25, 2008.[3]  Accordingly, a Rule 59(e) analysis is appropriate.[4]

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).  A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e).  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

Liberty asks the Court to reconsider its order, arguing that the order "contains an error of law, to the extent that it potentially allows Zurich to avoid its defense obligation."[5]  Liberty claims that the statement in the Court's order that: "If the 'other insurance' provisions are not applicable, only one of the primary insurers, either Zurich or Liberty, would be liable for Jotun's defense costs"[6] "effectively created an escape for Zurich."[7]  Liberty contends that, because

---

[3] Rule 6 provides the standards for computing time.  Fed. R. Civ. P. 6.  When the period of time being computed is less than ten days, as it is with determining whether a motion is to be decided pursuant to Rule 59(e), Rule 6 mandates excluding weekends and legal holidays.  *Id.*

[4] Ultimately, a Rule 59(e) analysis is more generous to the plaintiff, saving the motion from the "exacting substantive requirements" of Rule 60(b).  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir. 1990).

[5] R. Doc. No. 126-2, mem. supp. of mot. reconsider at 4.

[6] Order of March 25, 2008, at 14.

[7] Mem. supp. at 3.

2

Zurich has not asked the Court to determine its duty to defend, this part of the Court's order commits legal error.[8]

Liberty is asking for the Court to reconsider a statement in the order that could conceivably, according to Liberty, have an adverse effect on Liberty. The Court's statement does not determine whether Zurich has a duty to defend, but rather states that *if* Zurich's insurance is found not to provide coverage to Jotun, the other insurance clauses being inapplicable, Zurich would have no duty to defend. This statement was made only with respect to Zurich's counterclaim seeking reimbursement of defense costs, that is, its claim for legal subrogation.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for reconsideration[9] is **DENIED**.

New Orleans, Louisiana, April 8, 2008.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[8] *Id.*

[9] R. Doc. No. 126.