UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-3114** |
| **JOTUN PAINTS, INC.,** *et al.* | **SECTION: I/5** |

## ORDER AND REASONS

Before the Court is a motion filed on behalf of Scott M. Puettmann ("Puettman") and Waxler Transportation Company ("Waxler")[1] requesting that this Court review the U.S. Magistrate Judge's discovery order[2] that denied the motion for a protective order and/or to quash depositions and subpoenas.[3] Judge Chasez denied the motion to quash, stating that, because a trial date has been scheduled, discovery must go forward in order for counsel to comply with this Court's scheduling order.[4] Judge Chasez did, however, quash the same depositions that were noticed in a case also pending in this section, *Waxler Transportation Co. v. Trinity Marine Products, Inc.*, Civil Action No. 08-1363.[5]

Puettmann and Waxler ask this Court to review and modify the magistrate judge's order, arguing that allowing the depositions to be completed in the above-captioned matter will not be

---

[1] R. Doc. No. 148.

[2] R. Doc. No. 149.

[3] R. Doc. No. 140.

[4] R. Doc. No. 149.

[5] *Id.*

efficient because it will require that the depositions be taken twice.[6]  Puettmann and Waxler seek a stay of these depositions pending resolution of the motion to remand in Civil Action No. 08-1363.[7]  Alternatively, Puettmann and Waxler ask this Court to order that these depositions will not constitute a waiver of any of their rights.[8]

This Court may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a);[9] 28 U.S.C. § 636(b)(1)(A);[10] *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).  After reviewing the motion to quash, the Court does not find that the magistrate judge's order was clearly erroneous or contrary to law.  Discovery must go forward in the above-captioned case despite the pending motion to remand in Civil Action No. 08-1363.  However, these depositions will not constitute a waiver of the right to seek remand in the *Waxler* case.

Accordingly,

**IT IS ORDERED** that the magistrate judge's order is **AFFIRMED** and the motion to

---

[6] R. Doc. No. 148-2, mem. supp. at 2.

[7] *Id.* at 2-3.

[8] *Id.* at 3.

[9] Rule 72(a) of the *Federal Rules of Civil Procedure* provides, in pertinent part:
> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

[10] Section 636(b)(1)(A) provides, in pertinent part:
> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

review and set aside[11] is **DENIED**.

New Orleans, Louisiana, June 18, 2008.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. No. 148.